■ The People of the State of New York, Respondent, v Donald Strong, Appellant. [909 NYS2d 734]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Kohm, J.), dated June 28, 2005, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination in accordance herewith.

In establishing an offender's appropriate risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the People bear the burden of proving the facts supporting the determination by "clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563 [2009]). It appears from the transcript that, at the defendant's SORA redetermination hearing, the Supreme Court relied on a risk assessment instrument (hereinafter RAI) that assessed the defendant a total of 110 points, thus making him a level three offender. However, the RAI was not introduced into evidence.

Moreover, there is no indication in the hearing transcript as

to the evidence the Supreme Court relied upon, or the factors the court considered in reaching its determination as to the risk level to be assigned to the defendant. The Supreme Court failed to make the findings of fact and conclusions of law required by Correction Law § 168-n (3) and the record is not sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Washington*, 52 AD3d 667 [2008]; *People v Middleton*, 33 AD3d 777 [2006]).

Under these circumstances, the order must be reversed and the matter remitted to the Supreme Court, Queens County, for a new hearing at which the court shall clearly indicate on the record its findings of fact and conclusions of law. Covello, J.P., Leventhal, Hall and Sgroi, JJ., concur.